IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARFIELD W. HOLLEY,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 7:18-cv-00535<br>) |
| | )   By: Elizabeth K. Dillon |
| C/O MEREDITH, *et al.*,<br>    Defendants. | )      United States District Judge<br>) |

**MEMORANDUM OPINION**

This civil rights action was brought by Garfield W. Holley, a Virginia inmate proceeding *pro se*. By memorandum opinion and order entered July 7, 2020, the court consolidated two cases filed by Holley, and severed a number of his misjoined claims, creating separate and new lawsuits. The claims remaining in this case are Claims 1 through 7 of the second amended complaint, and the only remaining defendants are Officer C. Meredith, Captain J. Burgin, B. Ravizee, Lieutenant R. Cochrane, Officer A. Rivero, and Officer Trevor Eldridge.[1] Pending before the court is a partial motion to dismiss by those defendants, in which they seek to dismiss Claims 3 through 7. Specifically, they argue that those claims fail to provide sufficient information to state any plausible claim for relief. Holley has filed an opposition, although it is not always clear what Holley is trying to argue and it includes some attachments which appear to be irrelevant or relate to claims in another case that arose in 1998. (*See generally* Pl.'s Opp'n and Exhibits, Dkt. No. 54.)

For the reasons discussed herein, the court will grant the motion to dismiss, dismiss Claims 3, 4, 5, and 7 in their entirety, and dismiss Claim 6 as it relates to Officer Rivero, but will leave Claim 6 pending as against defendant Meredith, to the extent it includes additional allegations about the July 20, 2017 incident on which Claim 2 is based. All defendants except Meredith and Eldridge

---

[1] Eldridge was not identified until after the filing of the second amended complaint. In that document, he is described only as a John Doe defendant who worked with Meredith at Wallens Ridge State Prison on June 16, 2017, as a "Civilian Officer-in-Training."

will be dismissed. The court will further direct the two remaining defendants to file either a motion for summary judgment as to Claims 1, 2, and 6, or to advise the court that they do not intend to file such a motion, in which case a trial will be set on those claims.

## I. BACKGROUND

Defendants characterize Holley's seven claims as follows:

(1) Eighth Amendment claims of excessive force against Officer Meredith and Officer Eldridge relating to an alleged incident on June 16, 2017, in which Officer Eldridge, at the direction of Officer Meredith, conducted a physically excessive pat-down search of Holley;

(2) Eighth Amendment claim of excessive force and First Amendment claim of retaliation against Officer Meredith based on an alleged incident on July 20, 2017, in which Officer Meredith conducted a physically excessive pat-down search of Holley in retaliation for Holley filing a grievance regarding the incident on June 16, 2017;

(3) Allegations that on June 21, 2017, Captain Burgin intentionally falsified Holley's informal complaint regarding the incident on June 16, 2017, and "never even attempted" to address Holley's back pain resulting from the alleged incident on June 16, 2017;

(4) Eighth Amendment claim of deliberate indifference against Ravizee for "leaking" the information contained in Holley's grievance regarding the incident on June 16, 2017;

(5) Allegations that Lieutenant Cochrane made inappropriate comments to Holley in August and September of 2017 in reference to the incident on July 20, 2017;

(6) Allegations that Officer Rivero's "video-report" relating to the pat-down search on July 20, 2017, was inaccurate and a "cover-up";[2] and

(7) Eighth Amendment claim of deliberate indifference and First Amendment claim of retaliation against Ravizee for rejecting Holley's regular grievance concerning Officer Meredith's "unsanitary" practices of wearing the same gloves while searching five other inmates.

(Defs.' Mem. Supp. Mot. Dismiss 3, ECF No. 47; *see also* Second Am. Compl. 3–6, Dkt. No. 36.)

---

[2] As noted, to the extent that Claim 6 also contains additional facts against defendant Meredith, the claim will remain in the case at this time.

Holley does not object to this characterization of his claims, except to note that Claim 4 is a retaliation claim, not an Eighth Amendment claim. For each of these claims, his second amended complaint contains few factual details beyond what is described above.

## II. DISCUSSION

**A. Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[3] To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

**B. 42 U.S.C. § 1983**

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each

---

[3] The court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

3

defendant's personal involvement and how that defendant violated plaintiff's constitutional rights. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

## C. Applicable Law

### 1. Eighth Amendment Claims

None of the claims on which defendants seek dismissal appear to be excessive force claims. Instead, to the extent that they are Eighth Amendment claims, they are claims based on a deliberate indifference to a particular condition, or based on an alleged failure to protect.

A failure-to-protect claim is analyzed as an unconstitutional conditions claim under the Eighth Amendment. To prove a Section 1983 claim against an official for failing to protect him from injury, the prisoner plaintiff must establish: (1) he was "incarcerated under conditions posing a substantial risk of serious harm" and (2) the defendant prison official had a "sufficiently culpable state of mind," one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Further, in order to succeed on a failure-to-protect claim, a plaintiff must show that the harm suffered was objectively serious, *i.e.*, he must show he suffered a "serious or significant physical or emotional injury." *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014).

To establish the second element—deliberate indifference—a plaintiff must show that the defendant was personally aware of facts indicating a substantial risk of serious harm, and that the defendant must have actually recognized the existence of such a risk. *See, e.g., Farmer*, 511 U.S. at 838–40; *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994). The defendant then must have failed to take "reasonable measures" to alleviate the danger. *Farmer,* 511 U.S. at 832.

4

An inmate may prove deliberate indifference through direct or circumstantial evidence, and "direct evidence of actual knowledge is not required." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015). The plaintiff may satisfy the deliberate indifference element with evidence that the challenged circumstances created a "substantial risk" of harm that "was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Id.* Even without direct evidence, "an injury might be so obvious that the factfinder could conclude that the [official] did know of it because he could not have failed to know of it." *Id.*

### 2. First Amendment Retaliation Claims

To succeed on his First Amendment retaliation claims, Holley must establish that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020). Moreover, the court must treat an inmate's claim or retaliation by prison officials "with skepticism," *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Conclusory allegations of retaliation are insufficient to survive dismissal. *See Adams*, 40 F.3d at 74 (summarily dismissing retaliation claim as insufficient because it consisted of merely conclusory allegations and no facts to show retaliatory motivation).

### D. Specific Claims and Defendants

#### 1. Claim 6: Officer Rivero

Claim 6 contains allegations both against Meredith (many, if not all of which are duplicative of Claim 2) and against Officer Rivero, who apparently investigated the July 20, 2017 incident in Claim 2. Defendants do not move for dismissal of the portions of Claim 6 that relate to Officer

5

Meredith. So, to the extent Holley intended to state a separate claim against Meredith—as opposed to just providing additional detail in support of Claim 2—the court will leave Claim 6 pending as against Meredith.

With regard to Officer Rivero, Holley merely alleges that Officer Rivero's "video-report" of the July 20, 2017 events was "completely inaccurate" and that his investigation of that event was a "cover-up." (Second Am. Compl. 5.) It is unclear to the court whether Holley intended to assert an Eighth Amendment claim against Rivero or some other type of claim. His opposition does not provide any more clarity—it simply describes the claim as involving a "deliberate false video report cover-up of 8th Amendment violation by retaliatory adverse act causing revictimization by July 20, 2017 scrotum attack." (Pl.'s Opp'n, Dkt. No. 54-1 at 3.) Regardless, these allegations do not state a plausible claim against Rivero under any theory.

As noted above, a claim under § 1983 must be based on allegations that the specific defendant was personally involved in violating the plaintiff's rights. The allegation that Rivero's video was inaccurate or a cover-up does not state a constitutional claim, nor does Holley identify any way in which Rivero personally caused him harm. This claim against Rivero will be dismissed, and he will be dismissed as a defendant.

**2. Claim 3: Captain Burgin**

In Claim 3, Holley alleges that Captain Burgin intentionally falsified Holley's informal complaint regarding the incident on June 16, 2017. This claim also alleges that Captain Burgin "never even attempted" to address Holley's back pain. This claim fails for at least two reasons.

First, Holley does not allege facts to show or explain how the alleged falsification of his informal complaint violated Holley's constitutional rights.

Second, to the extent that Holley contends Burgin's failure to address Holley's back pain was an Eighth Amendment violation, he fails to allege sufficient facts to state a claim. Regardless

6

of whether Holley's alleged or anticipated injuries could constitute "significant physical or emotional harm, or a grave risk of harm," he clearly has not plausibly alleged the second element of a conditions claim. Specifically, Holley does not allege any facts to show that Burgin knew of a serious risk to him or was indifferent toward it. Although he references "recurrent lower back pain," he does not state or allege what he told Burgin about it, what Burgin knew about it, what he believes Burgin should have done with regard to that pain, or how he thinks Burgin could have prevented it.

In his opposition, Holley vaguely asserts that WRSP has a policy and practice of having "untrained civilians," which he claims was the moving force behind Burgin "failing to do anything" in response to Officer Meredith.[4] He then states that Burgin has "encouraged or at least condoned" in the injuries caused by Meredith and Eldridge. These are legal conclusions and terminology, but Holley offers no *facts* that plausibly allege liability on the part of Burgin. Thus, summary judgment in Burgin's favor is appropriate, and he will be dismissed as a defendant.

### 3. Claims 4 and 7: Claims Against Ravizee

In Claim 4, Holley alleges that Ravizee, the grievance coordinator, "leaked" information contained in Holley's grievances, creating a risk of retaliation by other officers. In Claim 7, Holley alleges that Ravizee rejected his grievance, in which he complained about Meredith using the same "polluted black gloves" to touch him after Meredith had touched other inmates while wearing the

---

[4] To the extent Holley is attempting to bring, although not directly against WRSP, a type of claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), that attempt fails because his allegations are inadequate to state such a claim. In *Monell*, the court recognized that a local governing entity "could be sued under § 1983 if an underlying unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," *id.* at 690, such that the entity itself is a "moving force" behind the deprivation. *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). Holley's vague statement that there is a practice of using "untrained civilians" or that Burgin "condoned" an allegedly unconstitutional search is insufficient to state a *Monell* claim.

same gloves. He also alleges that Ravizee directed security to charge him with a "false charge," which resulted in a cell restriction, economic loss, and loss of privileges.

Holley's allegations fail to state a claim of a constitutional violation. First of all, his second amended complaint contains no allegations to show that Ravizee had knowledge of and disregarded a substantial risk of serious harm to Ravizee. Thus, neither of these claims state an Eighth Amendment claim.

In his opposition to the motion to dismiss, Holley argues that Claim 4 is not an Eighth Amendment claim, but is instead a First Amendment retaliation claim. He alleges that Ravizee "leaked" one of Holley's previously filed grievances, which he says led to Meredith's "scrotum-attack" on July 20, 2017. Even if this were true, the complaint does not sufficiently allege any adverse action taken by Ravizee, as it must to state a retaliation claim against her. There is no allegation that Ravizee purposefully leaked any grievance in violation of any policy or procedure, or that she encouraged Meredith or played any role in his alleged assault of Holley, let alone that she did so to retaliate against Holley for filing a grievance. Thus, any retaliation claim in Claim 4 against her fails.

Additionally, Ravizee's processing of Holley's grievances, or her response to his grievances do not state a constitutional violation. The Fourth Circuit held in *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994), and reiterated more recently in *Booker v. South Carolina Department of Corrections*, 855 F.3d 533 (4th Cir. 2017), that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Id.* at 541; *see Adams*, 40 F.3d at 75 ("The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Relying on *Adams*, district courts, including this one, have held that a prison official's failure to comply with a grievance procedure is not actionable under § 1983. *E.g., Brown v. Va. Dep't of Corr.*, No. 6:07-CV-33, 2009 WL 87459, at *13 (W.D. Va. Jan.

9, 2009) ("[T]here is no liability under § 1983 for a prison administrator's response to a grievance or appeal."); *Oliver v. Gray*, No. 7:09-CV-00004, 2009 WL 366150, at *2 (W.D. Va. Feb. 12, 2009), *aff'd*, 360 F. App'x 417 (4th Cir. 2010) ("Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Thus, any claim against Ravizee simply as a result of her role in the grievance process must be dismissed.

As to Claim 7, the bringing of a false disciplinary charge could constitute a sufficiently adverse action to support a retaliation claim. *See Booker v. S.C. Dep't of Corr.*, 583 F. App'x 43, 44 (4th Cir. 2014) (reasoning that the bringing of a false disciplinary charge unsupported by any evidence warranting that charge "would likely deter prisoners of ordinary firmness from exercising their First Amendment rights"). But while Holley summarily states that this adverse action was tied to his protected conduct, he wholly fails to allege any facts to support the third element of his claim—causation.

In addressing the third element of causation, this court must apply the "same-decision test" of *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *Martin*, 977 F.3d at 299. Under that framework, once the prisoner-plaintiff shows that his "protected conduct was a substantial or motivating factor in a prison guard's decision to take adverse action," then the burden shifts to the defendant to prove a permissible basis for taking that action. *Id.* at 300. "'If the defendant fails to carry that burden, the inference is that 'but for' causation . . . has been shown: the plaintiff would not have been harmed had his rights not been violated by the defendant.'" *Id.* (quoting *Greene v. Doruff*, 660 F.3d 975, 979 (7th Cir. 2011)). If, on the other hand, the defendant carries that burden and shows he would have taken the same action if the inmate had engaged only in misconduct and not protected conduct, then "courts logically infer legitimate reasons caused the adverse action, not retaliatory ones." *Id.* at 302 (citing *Greene*, 660 F.3d at 979–80).

9

To plead the third element, then, Holley must allege facts sufficient to show that his protected conduct was a substantial or motivating factor in his being placed in segregation. *See Martin*, 977 F.3d at 300. Here, Holley offers no facts to tie the two together or to show that his filing of any grievance was a substantial or motivating factor for the disciplinary charge against him. Indeed, his second amended complaint is not even clear about what he did (or did not do, according to him) that led to the disciplinary charge or when it occurred. Moreover, even if they were close in time, mere temporal proximity is generally "too slender a reed on which to rest a Section 1983 retaliatory [ ] claim." *Wagner v. Wheeler*, 13 F.3d 86, 91 (4th Cir. 1993). Without additional detail, he has failed to plead facts to show causation. *See Adams*, 40 F.3d at 74 (holding that conclusory allegations of retaliation are insufficient to survive dismissal).

Accordingly, his retaliation claims against Ravizee fail and she will be dismissed as a defendant.

**4. Claim 5: Lieutenant Cochrane**

Holley's claim against Lieutenant Cochrane is based on his allegation that Cochrane made inappropriate comments to Holley. Specifically, he told him that he "need[ed] to stop writing all this sh*t up." In reference to the July 20, 2017 "scrotum attack," Cochrane told him, "At your grumpy age, your nuts are hanging low," and then laughed. While the alleged comments are inappropriate and unprofessional, they are insufficient to rise to the level of an Eighth Amendment violation. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (holding that allegations of verbal abuse and harassment, without any physical contact, fail to state a claim of constitutional magnitude); *Snodgrass v. Messer*, No. 7:16CV00050, 2017 WL 975992, at *5 (W.D. Va. Mar. 10, 2017) (granting motion to dismiss where defendant was alleged to have repeatedly made comments of a sexual nature toward plaintiff), *aff'd*, 694 F. App'x 157 (4th Cir. 2017).

The allegations by Holley also fail to state a First Amendment retaliation claim. He does not

specifically identify the constitutionally protected conduct in which he engaged. But in reviewing the entirety of the second amended complaint and Cochrane's alleged comment, the court will assume that he engaged in submitting grievances, which is protected activity. *Booker*, 855 F.3d at 541.

Nonetheless, the verbal comments he alleges are not a sufficiently adverse action to establish the second element of a retaliation claim, which requires action by defendant that "would likely deter a person of ordinary firmness from the exercise of First Amendment rights," *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005). *Mateo v. Fischer*, 682 F. Supp. 2d 423, 434 (S.D.N.Y. 2010) (explaining that even verbal threats of retaliation, unless sufficiently specific and direct, do not constitute an adverse action for purposes of a retaliation claim and collecting authority).

As part of his description of this claim in his opposition, Holley also alludes—but vaguely and without detail—to a "September 12, 2017 cell restriction with aggressive cell partner out of cell; near cause-of-deadly confrontation with cell-partner as May 18, 2018 and August 1[], 2018 both prisoner deaths caused by cell partners." He then asserts that these two incidents occurred while Cochrane was security supervisor and thus questions why Cochrane was promoted thereafter. First of all, this was not presented as part of his claim in his second amended complaint, and he may not amend his pleadings through briefing. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013). Thus, these allegations are not part of his second amended complaint for purposes of ruling on this motion to dismiss.

Moreover, Holley presents insufficient factual matter to determine whether the September 12, 2017 "cell restriction" involved him or not, but the other two incidents do not appear to have involved him. Without additional detail or some other link, incidents involving attacks by inmates on other inmates are not relevant to whether Cochrane failed to protect Holley from a "scrotum

attack" by Meredith.

For all of these reasons, Claim 5 against Lieutenant Cochrane will be dismissed and he will be terminated as a defendant.

### III.  CONCLUSION

In Holley's second amended complaint, Claims 3, 4, 5, 7, and those portions of Claim 6 brought against defendant Rivero fail to state a constitutional deprivation actionable under § 1983. Thus, defendants' motion to dismiss will be granted, and those claims will be dismissed. Furthermore, because plaintiff has now had multiple opportunities to amend and to adequately state a claim and nonetheless has failed to do so, those claims will be dismissed with prejudice. Additionally, defendants Rivero, Burgin, Ravizee, and Cochrane will be terminated as defendants.

An appropriate order will be entered.

Entered: March 29, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge