IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARFIELD WILLIAM HOLLEY,  )<br>    Plaintiff,                                )<br>                                          )<br>v.                                         )<br>                                          )<br>C/O MEREDITH, *et al.*,            )<br>    Defendants.                      ) | Civil Case No. 7:18-cv-00535<br><br>By: Elizabeth K. Dillon<br>     United States District Judge |

**MEMORANDUM OPINION**

Garfield William Holley, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 in October 2018. The court granted Holley leave to proceed *in forma pauperis* ("*ifp*") to the extent that he would not be required to pay for service of process and could pay the filing fee in installments. Holley had previously had a number of prior cases dismissed for failure to state a claim or as frivolous. But at the time his complaint was filed, dismissals *without prejudice* did not, in the Fourth Circuit, qualify as a so-called "strike" under 29 U.S.C. § 1915(g). *McLean v. United States*, 566 F.3d 391 (4th Cir. 2009). Section 1915(g) directs that if a prisoner-plaintiff has had three or more prior actions or appeals dismissed as frivolous or for failure to state a claim upon which relief may be granted, then he may not proceed with his suit unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

After the court granted Holley *ifp* status, the Fourth's Circuit's decision in *McLean* was overruled by the Supreme Court in *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020), which expressly held that a dismissal without prejudice qualifies as a strike under § 1915(g). Under *Lomax*, then, it is clear that Holley had three prior strikes before he filed this lawsuit.[1] Upon

---

[1] The court previously had dismissed the following cases by Holley on the grounds that they were frivolous, malicious, or failed to state a claim for relief: *Holley v. Baker*, No. 7:98-cv-406 (W.D. Va. Sept. 16, 1998); *Holley v. Baker*, No. 7:00-cv-634 (W.D. Va. Aug. 15, 2000); *Holley v. Farmer*, No. 7:91-cv-610 (W.D. Va.

discovering this, the court directed defendants to file a memorandum "providing any additional information or argument as to whether the court should vacate its prior order permitting Holley to proceed *ifp*, and whether the case should be dismissed pursuant to 28 U.S.C. § 1915(g)." (Dkt. No. 68 at 3.)

In response, defendants filed a memorandum in which they requested that the court revoke plaintiff's *ifp* status and dismiss this action under § 1915(g). (Dkt. No. 70.) Holley filed a timely response (Dkt. No. 71), and the matter is ripe for disposition. For the reasons discussed below, the court will revoke Holley's *ifp* status and dismiss this action.

I.  DISCUSSION

**A.  Application of 28 U.S.C. § 1915(g)**

In directing briefing, the court specifically directed the parties to address the issue of whether *Lomax* applied in this case, given the fact that it was decided *after* this case was filed. (*See* Dkt. No. 68 at 1–2.). Defendants' briefing discusses the general rule that when the Supreme Court construes a statute, it is explaining what that statute has always meant; thus, the interpretation applies retroactively. (Dkt. No. 70 at 3–4). *See Rivers v. Roadway Express*, 511 U.S. 298, 312–13 (1994) ("A judicial construct of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."); *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993) (holding that the Supreme Court's interpretation of federal law "must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule"). *Lomax*'s interpretation of § 1915(g) thus applies to this

---

Oct. 13, 2001); and *Holley v. Farmer*, No. 7:01-cv-672 (W.D. Va. Sept. 4, 2001). Prior to *McLean,* the court recognized these as strikes under 28 U.S.C. § 1915(g) both in *Holley v. Counts*, No. 7:05-cv-192, ECF No. 20 at 1 n.1 (W.D. Va. July 21, 2005) (report and recommendation adopted by *Holley v. Counts*, No. 7:05-cv-192, ECF No. 28 (W.D. Va. Aug. 1, 2005)), and in *Holley v. Taylor*, No. 7:08cv404 (W.D. Va. July 10, 2008) (denying Holley's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)); *see also Holley v. Counts*, No. 05-7480 (4th Cir. 2006).

case. And based on *Lomax*, it is plain that Holley in fact had three strikes at the time he filed this lawsuit under the proper interpretation of § 1915(g).

Holley's response is not entirely comprehensible. It appears, however, that he does not dispute that he had at least three strikes at the time he filed this suit. The court interprets Holley's opposition as raising three distinct arguments in opposition to defendants' request that his *ifp* status be revoked and the case dismissed. First, he alleges that dismissal would violate the U.S. Constitution's prohibition on "*ex post facto*" laws.

Second, although the basis for his argument is not entirely clear, he appears to be arguing that he was "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. § 1915(g). He references "pained bodily disfigurement by handcuffing cuts and scars within 30 days of October 30, 2018 filing" and includes the words "hospitalized 5 days ICU: continu[ing] pained imminent danger of serious physical injuries inflicted by high-ranking prison officials." (Opp'n 1, Dkt. No. 73)[2]

Third, Holley asserts that he has "fulfilled" the "contract" of paying the filing fee in installments and already paid the amount of $350 to the Clerk of this court. (Mem. Supp. of Opp'n 3, Dkt. No. 73-1.) If necessary, he requests to be allowed ten days to forward an additional $50 processing fee so that he will have paid the entire filing fee. (*Id.* at 4.)

---

[2] It appears that these allegations relate to an incident—not referenced in the complaint—in which Holley alleges that different individuals (not defendants to this case) transported him to a medical appointment on October 31, 2018, in a "make-shift dog-cage . . . attached to the rear of a pick-up truck bed," leaving him in frigid temperatures for six hours without proper clothing. (Dkt. No. 8 at 2, 3; *see also generally* Order Denying Mot. for Prelim. Inj., Dkt. No. 29.) Holley claims that this incident was retaliation for filing this lawsuit or for filing grievances against defendant Meredith. He offered no facts then—and offers none now—to tie this discrete incident to Meredith or the other defendants in this lawsuit, nor does he provide any facts that suggest the incident was a retaliatory act or part of a larger pattern of retaliation against him. Moreover, the court did not allow Holley to amend to bring his claim based on the October 31, 2018 transport in this case, but instead directed him to file such a claim in a separate lawsuit. (Dkt. No. 35 at 6 n.4.)

None of Holley's arguments opposing defendants' request for dismissal are convincing.[3] As to Holley's first argument, the Constitution's *Ex Post Facto* Clause of Article I, Section 10, is simply inapplicable in this context. As the Supreme Court has explained:

> Although the Latin phrase "*ex post facto*" literally encompasses any law passed "after the fact," it has long been recognized by this Court that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them.

*Collins v. Youngblood*, 497 U.S. 37, 41 (1990). Thus, retroactive application of the holding in *Lomax* to Holley's case does not violate the *Ex Post Facto* Clause.

Second, although Holley's recently-filed opposition references "continu[ing] pained imminent danger," the court has reviewed the complaint that was pending at the time that he was granted *ifp* status. The complaint makes the general allegation that "he is afraid of retaliation for assaults and batteries" and uses the term "imminent physical harm." (Compl. at 5, Dkt. No. 1.) But the complaint's allegations themselves do not support any conclusion of an "imminent danger of serious physical injury," § 1915(g). Many of the events referenced in the original complaint did not involve physical pain at all, but alleged that he was falsely accused of misconduct, put on cell restriction for improper reasons, or that he was denied a religious diet he requested for six days in May 2018. To the extent that the complaint referred to physical pain or injuries, it referenced specific incidents that all occurred in the past. For example, he referred to several "sexual assaults" and "scrotum attacks" during security pat-downs by defendant Meredith on specific dates (more than a year before the filing of the lawsuit), and then accused various other defendants of either providing allegedly falsified accounts of the incidents or not

---

[3] Holley's response is a type of combined filing. Specifically, it requests an order directing that defendants be required to respond to discovery. The filing also includes purported "verbatim" copies of documents that he identifies as Exhibits T, U, and V, all of which relate to events that allegedly occurred in 2007, more than ten years before the filing of this lawsuit. Their relevance is unclear to the court, and Holley does not explain if or how they are relevant to the § 1915(g) issue.

4

handling his grievances and complaints about the incidents properly. (*See generally* Compl., Dkt. No. 1.) Holley also referred to an incident in January 2018 (ten months before he had filed his lawsuit) in which he was "forced to stand outside in a straight line for '8' minutes suffering extreme cold weather temperatures." (Compl. 10.)[4]

In order to proceed under the imminent danger exception, a plaintiff must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin*, 319 F.3d 1048, 1050 (8th Cir. 2003)). The plaintiff must show that the "conduct complained of threatens continuing or future injury," not just that he "deserves a remedy for past misconduct." *Johnson*, 200 F. App'x at 272 (quoting *Martin*, 319 F.3d at 1050). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g) . . . ." *Johnson*, 200 F. App'x at 272; *see also Shepherd v. Annucci*, 921 F.3d 89, 97 (2d Cir. 2019) (affirming district court's conclusion that claim of imminent danger was "without foundation" when the prisoner's explanation was "both circular and completely conclusory"). In reviewing the complaint, which was the only basis for a claim of imminent danger at the time *in forma pauperis* status was being considered, the court is convinced that Holley did not sufficiently allege future *physical* harm so as to meet his burden under § 1915(g).

Even if the court considered the allegations in his later-filed motion for preliminary injunction, *see supra* note 2, the outcome is the same. The fact that an unrelated incident, involving different officers altogether, occurred shortly after he filed the complaint in this action and resulted in injuries to him, does not mean that his complaint here adequately alleged imminent physical danger based on the claims in it. *See Meyers v. Comm'r of Soc. Security Admin*, 801 F. App'x 90, 96 (4th Cir. 2020) ("[A]llegations of imminent danger in the IFP

---

[4] This claim, which was brought against a defendant named Carico, was later severed into a separate civil action. (Dkt. No. 35 at 7, ¶ 9.)

application must have some nexus or relation to those of the underlying complaint. All our sister circuits to have addressed this matter are in agreement."); *Pettus v. Morgenthau*, 554 F.3d 293, 297–98 (2d Cir. 2009) (holding that to contain a sufficient nexus, the complaint must "seek to redress an imminent danger of serious physical injury and . . . this danger must be fairly traceable to a violation of law alleged in the complaint"). Because he did not plead facts sufficient to satisfy the imminent danger exception, he was required to prepay the entire filing fee, which he did not do.

In his third argument, Holley correctly notes that he has since paid (in installments) $350, and he asserts that he will pay the $50 administrative fee in effect at that time, if permitted ten days to do so. But the fact that he has since paid the fee (or most of it), does not change the fact that he should not have been permitted to proceed without prepayment of the entire fee to begin with. Nor does he have any type of vested right in proceeding *ifp*. *See Bismillah v. Mohr*, No. 3:16cv1374, 2018 WL 4573268, at *2 (N.D. Ohio Sept. 24, 2018) (noting that proceeding *ifp* "is a privilege, not a right" and revoking plaintiff's *ifp* status); *Owl Feather-Gorbey v. Crickard*, 0:20cv01116, 2021 WL 1811563, at *4 (D.S.C. May 6, 2021) (revoking *ifp* status where court later learned that plaintiff had accrued three strikes prior to filing).

In light of the foregoing, it is plain that Holley was improperly granted *in forma pauperis* status. Based on *Lomax*, then, that status must be revoked. *Cf Wootten v. Commonwealth*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (noting that the court has authority to reconsider any interlocutory order in certain circumstances, including where there has been an intervening change in the law).

The only remaining question is whether the revocation of Holley's *ifp* status means that this case must be dismissed, or whether Holley should be given an opportunity to pay the remainder of the filing fee, as he requests. Although the Fourth Circuit does not appear to have

spoken directly on the issue, the Eleventh Circuit has squarely held that an opportunity to pay the fee is not required. For a litigant subject to § 1915(g)'s restrictions, the fee must be paid at the time the suit is initiated. *See Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002). The reasoning of *Dupree* relied on the purpose of the PLRA, which it described as "curtail[ing] abusive prisoner litigation." 284 F.3d at 1236. And it cited to one of its prior decisions, which stated "that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit." *Id.* (citing *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (emphasis in *Dupree*). The *Dupree* court also cited to unpublished authority from the Sixth and Ninth Circuits that followed a similar approach. *Id.* (citing *Shabazz v. Campbell*, 12 F. App'x 329, 330 (6th Cir. 2001); *McGee v. Myers*, 10 F. App'x 528, 529 (9th Cir. 2001)).

Numerous judges of this court have cited to *Dupree* and have dismissed cases after finding that a plaintiff had three strikes and failed to allege imminent danger. *See, e.g.*, *Gorbey v. Felps*, No. 7:16cv00551, 2017 WL 1194719 (W.D. Va. Mar. 30, 2017) (dismissing complaint without prejudice on the basis of *Dupree*); *Jones v. Rappahannock Reg'l Jail*, No. 7:15-CV-00621, 2015 WL 7294542, at *1 (W.D. Va. Nov. 17, 2015) (same). *But see Bismillah*, 2018 WL 4573268, at *1, *6 (allowing plaintiff 30 days following revocation of *in forma pauperis* status to pay full filing fee where defendants had requested that he be required to pay the full filing fee or the case dismissed). The court agrees with the reasoning of *Dupree* and concludes that the court is not required to provide Holley an opportunity to pay the full filing fee. Thus, the court will instead dismiss this case without prejudice.

The court believes it is appropriate, however, to place Holley financially in the position he would have been in had the court dismissed the complaint initially. Accordingly, the court will direct that the $350 Holley has paid toward the filing fee in this case be refunded to him by the Clerk.

### B. Other Pending Motions

The court's ruling moots all other pending motions. These pending motions are a motion for summary judgment by defendants Eldridge and Meredith (Dkt. No. 61), Holley's "motion for discovery" (Dkt. No. 69), and three motions from Holley asking to amend or correct prior orders of the court (Dkt. Nos. 64, 74, 75). As to the latter three motions, even if they were not moot, none of the issues they raise cause the court to believe that its prior rulings were incorrect or should be reconsidered or amended, nor do they affect the court's ruling as set forth in this opinion.[5]

## II.  CONCLUSION

For the foregoing reasons, the court will revoke Holley's *in forma pauperis* status and will dismiss this case without prejudice.  The Clerk will be directed to refund to Holley the filing fee payments he made in this case, which totaled $350.00.  Lastly, all pending motions will be denied as moot.

An appropriate order will be entered.

Entered: February 3, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[5] In one of his motions (ECF No. 74), Holley alleges that defendants have deliberately misled the court as to the filing date of his complaint.  He is correct that defendants mistakenly used the date his complaint was received by the Clerk, October 30, 2018, as the filing date, when his complaint is deemed filed as of the date he placed it into the prison mail system, which he alleges was October 18, 2018.  This discrepancy is immaterial to the court's ruling herein.